# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

JAMES P. KALIL,                              :
                                             :
        Petitioner,                     :
                                             :
v.                                           :    Civ. Act. No. 15-215-LPS
                                             :
DANA METZGER, Warden, and                    :
ATTORNEY GENERAL OF THE                      :
STATE OF DELAWARE,                           :
                                             :
        Respondents.[1]                 :

---

James P. Kalil. *Pro Se* Petitioner.

Maria T. Knoll, Deputy Attorney General of the Delaware Department of Justice, Wilmington, Delaware. Attorney for Respondents.

---

## MEMORANDUM OPINION

March 22, 2018
Wilmington, Delaware

---

[1] Warden Dana Metzger replaced former Warden David Pierce, an original party to the case. *See* Fed. R. Civ. P. 25(d).

**STARK, U.S. District Judge:**

## I.     INTRODUCTION

Pending before the Court is an Application for a Writ of Habeas Corpus Pursuant to 28

U.S.C. § 2254 filed by Petitioner James P. Kalil ("Petitioner"). (D.I. 3) The State has filed an

Answer in Opposition. (D.I. 14) For the reasons discussed, the Court will dismiss the Petition as

time-barred under by the limitations period prescribed in 28 U.S.C. § 2244.

## II.     BACKGROUND

Petitioner was indicted on one count of first degree murder and one count of possession of

a deadly weapon during the commission of a felon ("PDWDCF") in May 2010. (D.I. 16, Del.

Super. Ct. Crim. Dkt. Entry No. 6) On June 22, 2011, Petitioner pled guilty to the lesser-included

offense of manslaughter and PDWDCF. (D.I. 14 at 1) On December 2, 2011, the Superior Court

sentenced him to a total of 24 years at Level V imprisonment, suspended after 14 years, for three

years of decreasing levels of supervision. (D.I. 14 at 2) Petitioner did not file a direct appeal.

Petitioner filed a motion for reduction of sentence pursuant to Delaware Superior Court

Rule 35 on February 16, 2012. (D.I. 16, Del. Super. Ct. Crim. Dkt. Entry No. 38) The Superior

Court denied the motion on March 29, 2012. (D.I. 16, Del. Super. Ct. Crim. Dkt, Entry No. 39)

Petitioner filed a motion for post-conviction relief pursuant to Delaware Superior Court

Criminal Rule 61 ("Rule 61 motion") on November 27, 2012. (D.I. 16, Del. Super. Ct. Crim. Dkt.

Entry No. 40) The Superior Court denied the motion on October 30, 2013, and the Delaware

Supreme Court affirmed that decision on June 16, 2014. (D.I. 16, Del. Super. Ct. Crim. Dkt. Entry

No. 55); *see Kalil v. State*, 93 A.2d 654 (Table), 2014 WL 2568029 (Del. June 5, 2014).

On December 22, 2014, Petitioner filed a motion for correction of illegal sentence. (D.I. 16,

Del. Super. Ct. Crim. Dkt. Entry Nos. 59 & 60) The Superior Court denied the motion on January

15, 2015. (D.I. 16, Del. Super. Ct. Crim. Dkt. Entry Nos. 59 & 60)

The instant Petition is dated March 2015 and asserts that: (1) the Superior Court abused its discretion by denying Petitioner's request for a continuance and defense counsel's motion to withdraw so that Petitioner could retain new counsel; (2) the Superior Court abused its discretion by making improper comments which, in turn, coerced Petitioner to enter a guilty plea; (3) defense counsel provided ineffective assistance by failing to prepare Petitioner to testify at trial; (4) defense counsel was ineffective for failing to preserve exculpatory evidence; and (5) defense counsel provided ineffective assistance by failing to provide Petitioner with the opportunity to review all discovery materials in a timely fashion.

## III.    ONE YEAR STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law on April 23, 1996.  28 U.S.C. § 2244(d)(1).  AEDPA prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

2

28 U.S.C. § 2244(d)(1). AEDPA's limitations period is subject to statutory and equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010) (equitable tolling); 28 U.S.C. § 2244(d)(2) (statutory tolling).

Petitioner's § 2254 Petition, filed in 2015, is subject to the one-year limitations period contained in § 2244(d)(1). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). Petitioner does not assert, and the Court cannot discern, any facts triggering the application of § 2244(d)(1)(B), (C), or (D). Thus, the one-year period of limitations began to run when Petitioner's conviction became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), if a state prisoner does not appeal a state court judgment, the judgment of conviction becomes final, and the one-year period begins to run, upon expiration of the period allowed for seeking direct review. *See Kapral v. United States*, 166 F.3d 565, 575, 578 (3d Cir. 1999); *Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999). Here, the Delaware Superior Court sentenced Petitioner on December 2, 2011, and he did not appeal that judgment. Therefore, Petitioner's conviction became final on January 2, 2012. *See* Del. Supr. Ct. R. 6(a)(ii) (establishing thirty day period for timely filing of notice of appeal). Applying the one-year limitations period to that date, Petitioner had until January 2, 2013 to timely file his Petition. *See Wilson v. Beard*, 426 F.3d 653 (3d Cir. 2005) (holding that Federal Rule of Civil Procedure 6(a) and (e) applies to federal habeas petitions); *Phlipot v. Johnson*, 2015 WL 1906127, at *3 n. 3 (D. Del. Apr. 27, 2015) (AEDPA's one-year limitations period is calculated according to anniversary method, *i.e.*, limitations period expires on anniversary of date it began to run).

Petitioner, however, waited until March 4, 2015 to file the instant Petition, more than two

years after the expiration of the limitations period.[2] Therefore, his habeas Petition is untimely, unless the limitations period can be statutorily or equitably tolled. *See Jones,* 195 F.3d at 158. The Court will discuss each doctrine in turn.

### A. Statutory Tolling

Pursuant to § 2244(d)(2), a properly filed state post-conviction motion tolls AEDPA's limitations period during the time the action is pending in the state courts, including any post-conviction appeals, provided that the motion was filed and pending before the expiration of AEDPA's limitations period. *See Swartz v. Meyers,* 204 F.3d 417, 420-24 (3d Cir. 2000); *Price v. Taylor,* 2002 WL 31107363, at *2 (D. Del. Sept. 23, 2002). However, the limitations period is not tolled during the ninety days a petitioner has to file a petition for a writ of certiorari in the United States Supreme Court regarding a judgment denying a state post-conviction motion. *See Stokes v. Dist. Attorney of Philadelphia,* 247 F.3d 539, 542 (3d Cir. 2001). In addition, a post-conviction motion that is untimely under state law has no statutory tolling effect because it is not considered properly filed for § 2244(d)(2) purposes. *See Pace v. DiGuglielmo,* 544 U.S. 408, 414 (2005).

Forty-two days of AEDPA's limitations period lapsed before Petitioner filed his first Rule 35 motion for reduction of sentence on February 16, 2012. The Superior Court denied the motion on March 29, 2012. Consequently, the Rule 35 motion tolled the limitations period from February 16, 2012 through April 30, 2012, which includes the thirty-days Petitioner had to appeal the Superior Court's denial of the motion.

---

[2]Pursuant to the prison mailbox rule, the Court adopts as the date of filing the date Petitioner certified giving the Petition to prison officials for mailing – March 4, 2015. *See Longenette v. Krusing,* 322 F.3d 758, 761 (3d Cir. 2003).

The limitations clock started to run again on May 1, 2012, and ran 210 days until Petitioner filed his Rule 61 motion on November 27, 2012. The Rule 61 motion tolled the limitations period through June 16, 2014, the date on which the Delaware Supreme Court affirmed the Superior Court's denial of the motion. The limitations clock started to run again on June 17, 2014, and ran without expiration until the remainder of the limitations period expired on October 8, 2014. Petitioner's second Rule 35 motion does not have any statutory tolling effect because it was filed on December 22, 2014, approximately two months after the expiration of the limitations period. For all of these reasons, the Petition is time-barred, unless equitable tolling is available.

## B. Equitable Tolling

The one-year limitations period may be tolled for equitable reasons in rare circumstances when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649-50. With respect to the diligence inquiry, equitable tolling is not available where the late filing is due to the petitioner's excusable neglect. *Id.* As for the extraordinary circumstance requirement, "the relevant inquiry is not whether the circumstance alleged to be extraordinary is unique to the petitioner, but how severe an obstacle it creates with respect to meeting AEDPA's one-year deadline." *Pabon v. Mahanoy*, 654 F.3d 385, 400 (3d Cir. 2011). Notably, an extraordinary circumstance will only warrant equitable tolling if there is "a causal connection, or nexus, between the extraordinary circumstance [] and the petitioner's failure to file a timely federal petition." *Ross v. Varano*, 712 F.3d 784, 803 (3d. Cir. 2013).

Petitioner contends that his untimely filing is the result of his "broken relationship" with defense counsel and the Superior Court judge's improper involvement in the plea colloquy. (D.I. 18 at 6) However, he has failed to demonstrate how these circumstances, even if true, actually

5

prevented him from timely filing his Petition. *See Brown v. Shannon*, 322 F.3d 768, 773 (3d Cir. 2003) (requiring prisoner to demonstrate causal relationship between alleged extraordinary circumstances and his late filing). In addition, Petitioner's unsupported assertions of actual innocence and his certificates evidencing his completion of certain prison programs do not amount to extraordinary circumstances warranting equitable tolling. Finally, to the extent Petitioner's untimely filing was the result of his own miscalculation of the one-year filing period, such mistakes do not warrant equitably tolling the limitations period. *See Taylor v. Carroll*, 2004 WL 1151552, at \*5-6 (D. Del. May 14, 2004).

For all of these reasons, the Court concludes that equitable tolling is not available on the facts presented by Petitioner. Accordingly, the Court will dismiss the instant Petition as time-barred.[3]

## IV.    CERTIFICATE OF APPEALABILITY

A district court issuing a final order denying a § 2254 petition must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011); 28 U.S.C. § 2253(c)(2). A federal court denying a habeas petition on procedural grounds without reaching the underlying constitutional claims is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court has concluded that Petitioner's habeas Petition does not warrant relief because it is time-barred. Reasonable jurists would not find this conclusion to be debatable. Accordingly, the Court declines to issue a certificate of appealability.

---

[3]Given this conclusion, the Court will not address the State's alternate reason for dismissing the Petition.

6

## V.    CONCLUSION

For the reasons discussed, Petitioner's Application for a Writ of Habeas Corpus Pursuant to
28 U.S.C. § 2254 is **DENIED**.  An appropriate Order will be entered.